UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAZOR CAPITAL, LLC, | CIVIL NO. 13-272 (MJD/JSM) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| HP DEBT EXCHANGE, LLC, | |
| Defendant. | |

The above matter came before the undersigned upon this Court's Order to Show Cause dated November 17, 2014 [Docket No. 85]. Douglas B. Altman, Esq. and Greg Woodward, Esq. appeared on plaintiff's behalf. Christopher Ganter, Managing Member of defendant, appeared by telephone. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and Local Rule 72.1.I.

**I.   BACKGROUND**

Razor Capital, LLC ("Razor") sued HP Debt Exchange, LLC ("HP") to recover damages Razor alleged it sustained in connection with its purchase of 305 mortgage loans from HP. Complaint, ¶1 [Docket No. 1]. Razor agreed to pay $729,862.22 to HP for the loans, which HP represented had an unpaid principal balance of $18,338,246.74. Id., ¶12. Razor alleged that HP misrepresented the loan balances and withheld material information regarding the loans, such as settlement or short payoff agreements, which substantially reduced the loans' principal balances. Id., ¶2. The parties' agreement required HP to repurchase any loan for which it misrepresented the current principal balance, and for any breach of its representations, warranties and covenants. Id., ¶3. HP refused to repurchase the defective loans. Id. Razor contended that HP's breach of

its agreement reduced the unpaid principal balances of the loans from $18,338,246.74 to $2,326,337.01. Id., ¶23. Razor sought damages in an unspecified amount, exceeding $75,000 "plus interest, court costs and attorneys' fees." Id., ¶36.

In lieu of answering, HP moved to dismiss the Complaint for lack of jurisdiction. See Defendant's Memorandum of Law in Support of Motion to Dismiss. [Docket No. 15]. HP, a Texas limited liability company, contended that its minimal contacts with Minnesota were insufficient to establish jurisdiction. Id., pp. 2-6. Patrick C. Burns and Carl G. Peterson of Patrick Burns & Associates, a Minnesota law firm, filed the motion on HP's behalf. Id. Now retired Magistrate Judge Arthur Boylan issued a Report and Recommendation on July 10, 2013, recommending that HP's motion be denied, finding that the court had personal jurisdiction over HP because HP's contacts with Minnesota rose to the level required for jurisdiction. Report and Recommendation, p. 11 [Docket No. 28]. The District Court issued an order based on the Report and Recommendation denying HP's motion. Order dated August 16, 2013 [Docket No. 29]. Shortly thereafter, HP answered the Complaint, generally denying the allegations. Answer [Docket No. 30].

On April 24, 2014, HP's counsel, now called "Burns & Hansen, P.A.," moved to withdraw without substitution on the grounds that HP had stopped communicating with Burns & Hansen, impairing the lawyers' ability to represent HP. Declaration of Carl Peterson in Support of Motion to Withdraw. [Docket No. 54]. Razor objected to the motion, requesting that Burns & Hansen's withdrawal be conditioned on the production of documents Razor had demanded in discovery, but that HP had not yet produced. Razor Capital, LLC's Objection to Motion to Withdraw as Counsel of Record Without Substitution, p. 1 [Docket No. 56]. Razor moved to compel the production of documents

to which it believed it was entitled. Docket. No. 57. That motion was heard on the same date as Burns & Hanson's motion to withdraw. See Minute Entry [Docket No. 65].

This Court granted the motion of Burns & Hansen, P.A. to withdraw and granted Razor's Motion to Compel. See Order dated August 15, 2014 [Docket No. 75]. The Court ordered HP to retain new counsel on or before September 29, 2014. Id., p. 2. The Court reminded HP that pursuant to Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996), a corporation may not proceed pro se or by a representative or agent of the corporation. Id. On September 29, 2014, Chris Ganter, the Managing Member of HP, requested an extension of 30 days to retain counsel. The Court granted the request and ordered HP to retain counsel on or before October 29, 2014. See Order dated October 6, 2014 [Docket No. 77]. The Court again reminded HP that it could not proceed pro se. Id. HP failed to comply with the Court's Order.

On November 11, 2014, Razor moved for summary judgment. See Motion for Summary Judgment [Docket No. 80]; Plaintiff's Memorandum in Support of Motion for Summary Judgment ("Pl. Mem. in Support"). [Docket No. 81]. In this motion, Razor calculated its damages as: 1) "anywhere between $6,251,847.15 . . . and $7,509.695.41 . . . minus the amount it has collected on the Mortgage Loans ($410,083.49);" or 2) "full repayment of the $729,862.22 purchase price, minus . . . $410,083.49, for a total of $319,778.73, plus prejudgment interest." Pl. Mem. in Support, p. 23. Razor sought attorneys' fees under either computation because the parties' agreement provided for "reasonable attorney's fees, court costs and other legal expenses to the prevailing party." Id. (citing Declaration of Chris Winkler, Ex. A (Mortgage Loan Sale Agreement between Razor and HP)). [Docket No. 81-1].

3

In the meantime, this Court issued an Order to Show Cause on November 17, 2014, ordering Chris Ganter, the sole owner and member of HP, to appear on December 9, 2014, and show cause as to why default judgment should not be entered against HP for failure to retain counsel.  Order, p. 2 [Docket No. 85].  The Court ordered Ganter or HP to respond to the Order to Show Cause on or before December 2, 2014.  Id.  Neither Ganter nor HP filed a response.  On December 6, 2014, Ganter sent an email to the Court's chambers asking for permission to appear at the hearing by telephone, claiming he lacked the resources to fly to Minnesota.  The Court allowed Ganter to appear by telephone.

At the hearing, Ganter argued that he did not believe that the Court had jurisdiction over HP.  This Court reminded Ganter that the issue of jurisdiction was resolved through the District Court's Order dated August 16, 2013.  Ganter had no explanation for HP's failure to retain counsel, other than lack of resources.

Razor's counsel indicated that if the Court recommended entry of default judgment, Razor would need to establish the appropriate judgment amount, which Razor submitted should include damages, prejudgment interest and attorneys' fees.  Ganter sought an opportunity to oppose the proposed judgment amount.

**II.    DISCUSSION**

Corporations appearing as parties in federal court must be represented by counsel.  Ackra, 86 F.3d at 857.  "Dodging that obligation opens a corporation to the possibility of default."  Zimmerling v. Affinity Fin. Corp., 478 Fed. Appx. 505, 508 (10th Cir. 2012); see also Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001) (holding entry of default proper where corporate defendant failed to engage counsel admitted to practice before the district court).  The prohibition against pro se appearances by

corporations extends to all artificial entities. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993).

The Court ordered HP twice to retain counsel and then warned HP that if it failed to do so, it risked entry of default judgment. HP ignored that warning and did not retain counsel. See Orders dated August 15, October 6, November 17, 2014. In these circumstances, default judgment is appropriate. Forsythe, 255 F.3d 487; Deluxe v. Small Business Sales, Inc. v. Findley, Civ. Nos. 11-1519 (JNE/SER), 2012 WL 2814371, at *4 (D. Minn. June 20, 2014) (recommending entry of default judgment against a corporation that failed to retain counsel despite several warnings from the court) (Order adopting Report and Recommendation, 2012 WL 2814363 (D. Minn. July 10, 2012)).

As a first step, this Court recommends entry of default judgment. If this recommendation is adopted by the District Court, then the Court will determine the appropriate amount of judgment. See Stephenson v. El-Batrawi, 524 F.3d 907, 915 (8th Cir. 2008) ("'It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.'") (quoting Pope v. United States, 323 U.S. 1, 12 (1944)); see also American Red Cross v. Community Blood Ctr., 257 F.3d 859, 864 (8th Cir. 2001) ("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.") (citation and internal quotation omitted).

In light of HP's failure to retain counsel or oppose the Order to Show Cause, it would be a needless expenditure of time and resources to conduct a hearing to determine the judgment amount. See e.g. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (noting that it is not necessary for a district court to hold a hearing to fix damages after a default judgment was entered, as long as there is a basis for the damages as provided by affidavits and documentary evidence). Having said that, Razor's Complaint was not for a sum certain and its summary judgment memorandum suggested several ways of calculating damages. Even in default judgment cases, the District Court is required to provide detailed findings regarding damages calculations and "generic reference to evidentiary support for the damages determination" is insufficient. See Stephenson, 524 F.3d at 916-917. Razor has the burden of proving its uncertain damages. American Red Cross, 257 F.3d at 864. Therefore, the Court recommends that the District Court direct Razor to submit to it an affidavit describing in detail the amounts to which it believes it is entitled, with sufficient supporting documentation to show that the amount claimed is reasonable. To the extent Razor is claiming that its agreement with HP dictates an award of attorneys' fees, Razor must also establish via affidavit that it is entitled to the fees and that the fees sought are reasonable and supported by evidence. If the District Court believes that a hearing is required, then it can notify Razor to schedule such a hearing.

The Court also recommends that HP, or Ganter on HP's behalf, should be precluded from filing any pro se objection to Razor's submission on the judgment amount. See United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993) (summarily rejecting arguments of an unrepresented corporation and stating "Van Stelton Farms, Ltd., a corporation, is not a party to this appeal because it is not represented by

6

counsel, and a corporation cannot appear pro se.") (citation omitted).  If HP retains counsel, however, counsel should be permitted to respond to Razor's damages computation.[1]

### III.  RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Default judgment be entered in favor of Razor Capital, LLC in an amount that should be determined based upon further submissions as set forth in this recommendation.

2. Razor Capital LLC's Motion for Summary Judgment [Docket No. 79] be denied as moot.

Dated: December 11, 2014          *Janie S. Mayeron*
                                  JANIE S. MAYERON
                                  United States Magistrate Judge

### **NOTICE**

Under D. Minn. LR 72.2(b) any party[2] may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 26, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[1] This Court considered, but rejected, recommending prohibiting HP from filing a response to Razor's damages calculations through counsel.  In light of the amount of damages, Razor's uncertainty regarding the computation, and the possibility that Razor will claim a substantial sum for attorneys' fees, the Court concluded that it would be more equitable to allow HP to respond to Razor's submission, provided HP retains counsel admitted to practice in this District.

[2] HP is again reminded that any filing of objections must be made by counsel admitted to practice in the District of Minnesota.